UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACADEMY LTD., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| ACADEMI LLC, | § | |
| | § | |
| DEFENDANT. | § | JURY TRIAL REQUESTED |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

In this Complaint, Plaintiff Academy Ltd. d/b/a Academy Sports + Outdoors ("Academy") asserts claims against Defendant Academi LLC ("Defendant") for trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act), unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A) (Section 43(a)(1)(A) of the Lanham Act), dilution under 15 U.S.C. § 1125(c) (Section 43(c) of the Lanham Act) as well as trademark infringement, unfair competition, unjust enrichment, and injury to business reputation under Texas law.

Academy seeks: (1) actual, treble, and exemplary damages from Defendant as well as an accounting of profits; (2) its attorney's fees and the costs of this action; and (3) a preliminary injunction, and after trial, a permanent injunction.

### I. PARTIES

1.      Plaintiff Academy is a Texas limited partnership with its principal place of business in Katy, Texas.  Academy is therefore a Texas citizen.

2.      Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at

1001 19th Street North, 19th Floor, Arlington, Virginia 22209-1722. Academi may be served with process through its registered agent Katherine F McKenzie, P.O. Box 1029, Moyock, North Carolina 27958-1029. Upon information and belief, Defendant was formerly known as Blackwater USA, or Xe Services up until December 2011. Upon information and belief, Defendant does not have any member that is a citizen of Texas.

## II. JURISDICTION AND VENUE

3.      The Court has subject-matter jurisdiction over the Lanham Act claims in this action under 28 U.S.C. §§ 1331 and 1338. The Court has subject-matter jurisdiction over the Texas state-law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claims and also under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Academy and Defendant are citizens of different states. Additionally, the Court has original jurisdiction over Academy's unfair competition claim under 28 U.S.C. § 1338(b).

4.      The Court has personal jurisdiction over Defendant because the acts that are the subject of Academy's claims, including trademark infringement and unfair competition, were committed by Defendant, in part, in the State of Texas in this judicial district. Defendant conducts business through its Internet website, www.academi.com, which improperly uses Plaintiff's ACADEMY marks. This website is an active site allowing consumers to place orders directly through the site. Texas residents residing in this judicial district are able to purchase products and services directly from Defendant through its website. *See* Exhibit A for true and correct print outs of the website allowing sales to this judicial district in Texas through the site. Additionally, Defendant is making commercial use of its marks incorporating the term "Academi"

in this judicial district.  Therefore, Defendant is doing business in this judicial district and committing acts of infringement, unfair competition, and other wrongs in this judicial district.  As a consequence, Defendant has purposefully availed itself of the laws of the State of Texas, and therefore, exercising personal jurisdiction over Defendant is fair and proper.

5.     Under 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events giving rise to the claims of this action occurred in this judicial district.  Venue is also proper under 28 U.S.C. § 1391(c) because Defendant is a company and the federal courts in this judicial district have personal jurisdiction over Defendant related to Academy's claims.

### III.  FACTUAL BACKGROUND

**A.     Plaintiff's business.**

6.     Academy is one of the nation's largest sporting goods retailers, operating over 100 stores across the southeastern United States.  Academy offers a wide array of sporting and outdoor equipment, apparel, footwear, as well as accessories, ammunition, firearms, firearm accessories, and safety equipment and protective gear.

7.     Academy traces its beginnings to 1938 when founder Max Gochman opened the Academy Tire Shop in San Antonio, Texas.  A few years later, Gochman began selling military surplus in his shop.  In 1956, Arthur Gochman, Max Gochman's son, moved the business to Austin, Texas, and the business continued to grow based on the strong goodwill it had built among consumers over the years.  In the early 1980's, Academy added sports and outdoor items to its assortment of products and evolved into a full line sporting goods store.

8.      Academy has a long tradition of selling quality merchandise.  Its name has been in use with its retail business since 1938.  The name Academy has evolved from a small family-run business to a successful sporting goods, outdoor, and lifestyle retailer.  That name has gained enormous amounts of goodwill among consumers and has come to represent a long tradition of selling quality goods and services.

9.      Academy owns trademark registrations in a family of marks (the "Academy Marks"). *See* Exhibit B.

10.     Included among the Academy Marks are the marks, ACADEMY®, ACADEMY.COM®, ACADEMY OUTDOORS®, and ACADEMY SPORTS + OUTDOORS®, and other marks comprising the mark "Academy."

11.     Some of the Academy Marks have been continuously used in commerce at least since 1951.

**B.      Academy has substantial trademark rights through its significant use in commerce of the marks.**

12.     As a result of its long history (over 70 years) of offering quality goods and services through its stores, signage, advertising, and more recently through its website, Academy enjoys a reputation of respect and goodwill throughout the United States and especially in the states where stores are located.  Accordingly, Plaintiff has acquired exclusive rights to use ACADEMY® and related marks.

13.     Academy has spent substantial sums in advertising over the course of many years to promote the goods and services under the Academy Marks.  As a result, the Academy Marks have earned substantial recognition in the marketplace and the Academy Marks have become a household name in connection with sporting, outdoor, and lifestyle goods.  Moreover, Academy's

substantial advertising over 70 years of use in commerce has caused the Academy Marks to become famous.

**C.      Defendant's use of the Academy Marks is likely to cause confusion.**

14.      On information and belief, Defendant operates in part as a competing retailer that sells goods nationwide via its active e-commerce website.   The website has a domain of www.academi.com.  Residents of this judicial district can purchase products to be shipped to Texas through this website.

15.      Defendant operates an online retail store and websites where customers from all over the country can browse through Defendant's online catalogue and purchase products. Therefore, Defendant is a direct competitor of Academy in this respect.

16.      In connection with its online store, on or about October 2011 and May 2012, Defendant applied for registration of several trademarks similar to the Academy Marks.  A list of these trademark applications is summarized below (the "Defendant Marks").

| Mark | Full Goods/Services | Owner |
|---|---|---|
| ACADEMI<br><br>SN:85-445716 | (Int'l Class: 16) Printed instruction guides in the field of law enforcement and military tactical training and operations<br>(Int'l Class: 25) Apparel<br>(Int'l Class: 41) Training services and courses in the field of security, firearms, and tactical techniques; animal training; aircraft flight instruction; defensive driving instruction; and training in law enforcement and military tactics and operations<br>(Int'l Class: 45) Consulting services in the field of security; provision of security services | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI<br>(Stylized)<br><br>SN:85-620863 | (Int'l Class: 25) Headgear, namely, hats, caps and visors; jackets; pants; shirts; shorts; sweat shirts; t-shirts; vests | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI<br>(Stylized)<br><br>SN:85-620897 | (Int'l Class: 13) Automatic carbines; automatic rifles; cartridge cases; firearm slings; firearms; gun and rifle cases; gun parts; guns; hand gun accessories, namely, belt clips for securing a gun without the use of a holster; holsters; pistol cases; pistol holsters; pistols; pistols and parts thereof; rifles and parts thereof; weapon cases for firearms | Academi LLC (Delaware Limited Liability Company) 1001 19th Street |

| | | |
|---|---|---|
| | | North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI (Stylized)<br><br>SN:85-620917 | (Int'l Class: 16) Blank paper notebooks; printed instructional, educational, and teaching materials in the field of law enforcement and military tactical training and operations; stickers and decalcomanias | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI (Stylized)<br><br>SN:85-620978 | (Int'l Class: 35) On-line retail store services featuring clothing, apparel, accessories, protective gear, outdoor gear, tactical gear, eyewear, belts, slings, holsters, footwear, socks, shoes, boots, knee pads, elbow pads, stickers, patches, coins, backpacks, pouches, head gear, water bottles, glassware, mugs, gifts, souvenirs, lights, flashlights, batteries, watches, keychains, gloves, and miscellaneous gifts; retail store services featuring clothing, apparel, accessories, protective gear, outdoor gear, tactical gear, eyewear, belts, slings, holsters, weapons, firearms, knives, firearm accessories and parts, footwear, socks, shoes, boots, knee pads, elbow pads, stickers, patches, coins, backpacks, pouches, head gear, water bottles, glassware, mugs, gifts, souvenirs, lights, flashlights, batteries, watches, keychains, gloves, and miscellaneous gifts | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI (Stylized)<br><br>SN:85-620983 | (Int'l Class: 41) Training services in the field of personal and physical security, home defense, high risk security, firearms, gunsmithing, driving, counter-terrorism, vehicle commandeering, military and tactical techniques | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI (Stylized)<br><br>SN:85-620993 | (Int'l Class: 45) Consultancy services in the field of home security; consultation services concerning homeland safety and security issues; providing information in the field of personal physical security; security consultancy; security services, namely, armed escorts and security personnel for individual and personal protection; security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI and Design<br><br>SN:85-632651 | (Int'l Class: 45) Consultancy services in the field of home security; consultation services concerning homeland safety and security issues; providing information in the field of personal physical security; security consultancy; security services, namely, armed escorts and security personnel for individual and personal protection; security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI and Design<br><br>SN:85-632759 | (Int'l Class: 41) Training services in the field of personal and physical security, home defense, high risk security, firearms, gunsmithing, driving, counter-terrorism, vehicle commandeering, military and tactical techniques | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor |

| | | Arlington, Virginia 22209 |
|---|---|---|
| ACADEMI and Design<br><br>SN:85-632776 | (Int'l Class: 35) On-line retail store services featuring clothing, apparel, accessories, protective gear, outdoor gear, tactical gear, eyewear, belts, slings, holsters, footwear, socks, shoes, boots, knee pads, elbow pads, stickers, patches, coins, backpacks, pouches, head gear, water bottles, glassware, mugs, gifts, souvenirs, lights, flashlights, batteries, watches, keychains, gloves, and miscellaneous gifts; retail store services featuring clothing, apparel, accessories, protective gear, outdoor gear, tactical gear, eyewear, belts, slings, holsters, weapons, firearms, knives, firearm accessories and parts, footwear, socks, shoes, boots, knee pads, elbow pads, stickers, patches, coins, backpacks, pouches, head gear, water bottles, glassware, mugs, gifts, souvenirs, lights, flashlights, batteries, watches, keychains, gloves, and miscellaneous gifts | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI ELITE TRAINING. TRUSTED PROTECTION. and Design<br><br>SN:85-632789 | (Int'l Class: 45) Consultancy services in the field of home security; consultation services concerning homeland safety and security issues; providing information in the field of personal physical security; security consultancy; security services, namely, armed escorts and security personnel for individual and personal protection; security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |
| ACADEMI ELITE TRAINING. TRUSTED PROTECTION. and Design<br><br>SN:85-632803 | (Int'l Class: 41) Training services in the field of personal and physical security, home defense, high risk security, firearms, gunsmithing, driving, counter-terrorism, vehicle commandeering, military and tactical techniques | Academi LLC (Delaware Limited Liability Company) 1001 19th Street North, 19th Floor Arlington, Virginia 22209 |

17.    On information and belief, Defendant has engaged in commercial advertising and promotion of "Academi" in a variety of media including, but not limited to, the websites www.academi.com and www.academiproshop.com.  These websites are likely to cause confusion among consumers in regard to the affiliation of the domain.  The domain name clearly begins with a substantially similar mark to ACADEMY®, which is Academy's registered trademark.

18.    Defendant has used the Defendant Marks in commerce in connection with its goods and services in a manner that is likely to cause confusion, to cause mistake, to deceive as to the affiliation, connection, or association of Defendant with Academy, or as to the origin, sponsorship, or approval of Defendant's goods, services, and/or commercial activities.

19.     The Defendant Marks are confusingly similar to the Academy Marks.  The two sets of marks look and sound the same, and the two sets of marks create a similar overall impression. The use of an almost identical spelling of the word suggests a connection, joint venture, or affiliation between Defendant and Academy.  However, there is no affiliation or joint venture between Academy and Defendant.  In fact, upon information and belief, Defendant's prior company name was Blackwater USA from 1997-2009 and then Xe Services LLC from 2009-December 2011.  Upon information and belief, Defendant replaced its prior names with the Academi name in December 2011.  Given the corporate history of Defendant and the negative media coverage stemming from its security operatives in Iraq, Academy will suffer irreparable harm by any confusion over a connection, joint venture, or affiliation between Defendant and Academy.

20.     The Defendant Marks are used in connection with similar goods and services as the Academy Marks. For example, Defendant sells apparel clothing, accessories, outdoor gear, footwear, socks, shoes, stickers, backpacks, and miscellaneous gifts through its online store, some of which include the term "Academi" directly on the item.  *See* Exhibit C.  Academy sells similar types of products in conjunction with the Academy Marks.

21.     Academy's and Defendant's goods and services are found in similar channels of trade.  Both companies operate e-commerce websites through which each sells and advertises its respective goods and services.  Therefore, consumers may visit either company's online store to seek apparel and other products and could easily be mistaken as to the source of the goods and services offered under Defendant's Marks and be mistakenly led to believe that the two companies are affiliated, or that Defendant's goods and services are sponsored by, or approved by Academy.

**D.   Unless enjoined, Academy will suffer irreparable harm for which it has no remedy at law.**

22.   Unless Defendant is enjoined, Academy will suffer irreparable harm as Defendant will profit unfairly from its trademark infringement, unfair competition, and other wrongs, and potentially damage the goodwill and distinctive nature of the Academy Marks.   For example, Defendant will continue to wrongfully use the Academy Marks to advertise its goods online and potentially cause confusion among consumers that could divert business that otherwise would be Academy's business.   Moreover, Academy has no ability to control the quality of the goods or services offered by Defendant in conjunction with the Defendant Marks, and therefore, is at risk of irreparable harm for which there is no remedy at law and for which money damages cannot repair.

23.   By way of example, if customers of Defendant experience inferior service, purchase inferior goods, or read bad press published about Defendant, they may mistakenly attribute that bad experience or connotation to Academy due to Defendant's use of marks similar to the Academy Marks.   Customers also may mistakenly associate Defendant's prior name, Blackwater USA, with Academy, thereby wrongly connecting Academy to substantial negative media coverage regarding Blackwater USA's activities in Iraq and elsewhere.   This is heightened by Defendant's sale of similar goods to the same or similar customer base using similar advertising channels in connection with the marks.

24.   Additionally, given Defendant's corporate history and past negative connotations, Academy's Marks are at significant risk of dilution through tarnishment and blurring.

## IV. CLAIMS

**A.   COUNT 1 – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 (SECTION 32 OF THE LANHAM ACT)**

25.      Academy repeats and realleges paragraphs 1 through 24 as if fully set forth at length herein.

26.      Defendant's aforesaid acts committed in the course of interstate commerce constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, of the Academy Marks.  As established by the registration for the Academy Marks, the Academy Marks are protectable and enforceable against Defendant, Academy is the owner of the Academy Marks, and Academy is the senior user of the marks.  Moreover, Defendant's actions have caused a likelihood of confusion and damage to Academy.  In particular, through the infringing use of the Academy Marks, Defendant is harming Academy and potentially directing sales that would otherwise have gone to Academy.  Defendant's use of the Academy Marks is likely to cause confusion or mistake as to the source of Defendant's services and products.

27.      In accordance with Section 43 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be preliminarily and upon hearing, permanently enjoined from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services.

28.      Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Academy is entitled to recover from Defendant:  (i) Defendant's profits, (ii) the damages sustained by Academy, and (iii) the costs of this action. Due to the knowing, intentional, and purposeful nature of Defendant's

conduct, Academy seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Academy also seeks its reasonable attorney's fees.

**B.**     **COUNT II – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A) (SECTION 43(A) OF THE LANHAM ACT)**

29.     Academy repeats and realleges paragraphs 1 through 28 as if fully set forth at length herein.

30.     Defendant's aforesaid acts committed in the course of interstate commerce constitute material false and misleading representations of fact with respect to the origin of Defendant's services, and the affiliation, sponsorship, and approval of Defendant's products and services in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Academy has been damaged by Defendant's actions.  Defendant's aforesaid acts are likely to cause confusion or mistake as to the origin of Defendant's services and the affiliation, sponsorship, and approval of Defendant's services.

31.     In accordance with Section 43 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be preliminarily and upon hearing, permanently enjoined from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services.

32.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Academy is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Academy, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Academy seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Academy also seeks its reasonable attorney's fees.

C.    COUNT III – DILUTION IN VIOLATION OF 15 U.S.C. § 1125(C) (SECTION 43(C) OF THE LANHAM ACT)

33.    Academy repeats and realleges paragraphs 1 through 32 as if fully set forth at length herein.

34.    Defendant's aforesaid acts committed in the course of interstate commerce constitute dilution by blurring and tarnishment in violation of Section 43(c) of the Lanham At, 15 U.S.C. § 1125(c).  Academy has been damaged by Defendant's actions.  Defendant's aforesaid acts have impaired the distinctiveness of the Academy Marks and unless enjoined will continue to harm the distinctiveness of these marks.

35.    Through over 70 years of use and significant advertising, the Academy Marks have achieved famous status within the meaning of Section 43(c) of the Lanham At, 15 U.S.C. § 1125(c).  Defendant's use of the Defendant Marks is likely to blur the distinctiveness of the Academy Marks.  Defendant's use of the Defendant Marks is further likely to tarnish and therefore dilute the distinctiveness of the Academy Marks due to similarity of the marks and Defendant's negative reputation.

36.    In accordance with Section 43 of the Lanham Act, 15 U.S.C. §1125(c), Defendant should be preliminarily and upon hearing, permanently enjoined from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services.

D.    COUNT IV – TRADEMARK INFRINGEMENT IN VIOLATION OF TEXAS LAW

37.    Academy repeats and realleges each of the allegations contained in paragraphs 1 through 36 above as if fully set forth herein.

38.     As established above, Academy is the senior user of its marks and enjoys priority over Defendant.  Academy's substantial use of these marks in commerce has resulted in the marks being protectable, distinctive, and enforceable. Defendant's use of its "Academi" marks in commerce in connection with competing services constitutes infringement of Academy's common-law rights to its marks. Defendant's use of the marks is likely to cause confusion or mistake as to the source of Defendant's services.

39.     In accordance with Texas law, Defendant should be preliminarily and permanently enjoined, upon hearing, from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark or service mark, corporate name, trade name component, meta tag, domain name or domain name component, or to market, advertise, or identify Defendant's goods or services.

40.     Academy has been damaged by Defendant's actions. According to Texas law, Academy is entitled to recover its actual damages caused by Defendant's trademark infringement and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

E.      COUNT V – UNFAIR COMPETITION UNDER TEXAS LAW

41.     Academy repeats and realleges each of the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

42.     Defendants have engaged in commerce in the State of Texas and this judicial district by marketing, offering to sell, and selling Defendant's competing goods and services. Defendant has advertised its services on its active website as well as in conjunction with other marketing material.  Defendant has competed unfairly in violation of Texas law by misrepresenting

or leading the public to believe that its services are sponsored by, approved by, affiliated with, associated with, or originated by Academy.

43.     In accordance with Texas law, Defendant should be preliminarily and permanently enjoined, upon hearing, from using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark or service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's goods or services.

44.     Academy has been damaged by Defendant's actions. According to Texas law, Academy is entitled to recover its actual damages caused by Defendant's unfair competition.

## F.     COUNT VI – UNJUST ENRICHMENT UNDER TEXAS LAW

45.     Academy repeats and realleges each of the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.     As set forth above, Defendant has used Academy's Marks and goodwill as an integral step of Defendant's sales of its goods and services.  On information and belief, Defendant has received a direct pecuniary benefit from these unlawful acts.  Defendant is therefore unjustly enriched to Academy's detriment. As a result, Academy is entitled to recover its actual damages caused by Defendant's unjust enrichment.

## G.     COUNT VII – INJURY TO BUSINESS REPUTATION IN VIOLATION OF TEX. BUS. & COMM. CODE § 16.29

47.     Academy repeats and realleges each of the allegations contained in paragraph 1 through 46 above as if fully set forth herein.

48.     As established above, Defendant's actions, particularly its use of the Academy Marks in commerce has injured and is likely to injure in the future Academy's business reputation

and is likely to dilute the distinctive quality of the Academy Marks. Accordingly, Academy is entitled to an injunction enjoining Defendant from: (i) representing that Defendant's services are in any way sponsored by, approved by, affiliated with, associated with, or originated by Academy; (ii) using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services, and (iii) otherwise competing unfairly with Academy or injuring its business reputation in any manner.

## V.  APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

49.     Academy repeats and realleges each of the allegations set forth in paragraphs 1 through 48 above as if fully set forth herein.

50.     On information and belief, Defendant, unless enjoined, will continue to use marks that are likely to cause confusion as to the course of its products and services, use marks that incorrectly suggest or are likely to cause confusion as to whether Defendant is affiliated with Academy, and use marks that dilute the distinctiveness of the Academy Marks.  All of these acts violate the Lanham Act and Texas law.

51.     These actions entitle Academy to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendant from:

(i) Representing that Defendant's services are in any way sponsored by, approved by, affiliated with, associated with, or originated by Academy;

(ii) Using the Academy Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services; and

(iii) Otherwise competing unfairly with Academy or injuring its business reputation in any manner.

52.      For these actions, there is no adequate remedy at law. Further, Academy is substantially likely to prevail on the merits of these claims. The injury to Academy greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of Academy. Finally, the injunction will not disserve the public interest. Therefore, Academy is entitled to preliminary and permanent injunctive relief against Defendant.

## VI.  DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Academy hereby demands a trial by jury on its claims alleged against Defendant.

## REQUEST FOR RELIEF

For these reasons, Academy respectfully requests the Court to:

1.      In accordance with Texas law and 15 U.S.C. § 1116, issue a preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in paragraph 51 of this Complaint;

2.      Order Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them, to provide an accounting of all sales, revenues, and profits related to Defendant's goods and services that infringe the Academy Marks and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Academy;

3.      Award Academy its actual, treble, and exemplary damages;

4.      In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the Academy Marks be surrendered for destruction;

5.      Order Defendant to expressly abandon its trademark applications for the Defendant Marks;

6.      Issue an Order to the Director of the United States Patent and Trademark Office ordering the Director to refuse registration of United States Trademark Application Serial Nos. 85-445716, 85-620863, 85-620897, 85-620917, 85-620978, 85-620983, 85-620993, 85-632651, 85-632759, 85-632789, and 85-632803 pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119;

7.      In accordance with Texas law and 15 U.S.C. § 1117(a), find this case to be exceptional in Academy's favor and award Academy its reasonable attorney's fees, costs, and expenses of this action;

8.      Award Academy pre-judgment and post-judgment interest at the maximum allowable interest rate; and

9.      Grant Academy such other relief, at law or in equity, to which it is justly entitled.

DATED this 26th day of June, 2012.

                                           Respectfully submitted,

                                           /s/ Darin M. Klemchuk
                                           Darin M. Klemchuk
                                           Attorney-In-Charge
                                           State Bar No. 24002418
                                           Southern District of Texas Bar ID #23662
                                           Kelsey Weir Johnson
                                           State Bar No. 24051504
                                           Southern District of Texas Bar ID #610328
                                           KLEMCHUK KUBASTA LLP
                                           8150 N. Central Expy., 10th Floor
                                           T: 214.367.6000
                                           F: 214.367.6001
                                           darin.klemchuk@kk-llp.com
                                           kelsey.johnson@kk-llp.com
                                           docketing_kkllp@me.com

                                           ATTORNEYS FOR PLAINTIFF ACADEMY, LTD.
                                           d/b/a ACADEMY SPORTS + OUTDOORS